John D. McDANIEL et al., Plaintiffs,

v.

JOHNS–MANVILLE SALES CORP., et al., Defendants.

No. 77 C 3534.

United States District Court, N. D. Illinois, E. D.

March 31, 1981.

**1242**

---

John C. Bulger, Cooney & Stenn, Chicago, Ill., for plaintiffs.

John E. Passarelli, Clausen, Miller, Gorman, Caffrey & Witous, P. C., Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Defendant Hooker Chemical & Plastics Corp. ("Hooker") has moved to dismiss claims filed by Nellie W. Aker, Drew N. Barton, Marjorie T. George, Savannah Hawthorne, Nellie M. Scott, Lorene C. Scott and Costah M. Stidham ("plaintiffs") under the Illinois Survival Act, Ill.Rev.Stat. ch. 110½, § 27–6 (the "Survival Act"). Plaintiffs are the representatives of now-deceased employees (the "decedents") of Johns-Manville Sales Corp. ("Johns-Manville") who allegedly contracted respiratory diseases and other ailments ("asbestosis") caused by their inhaling asbestos fiber while employed at Johns-Manville. Hooker allegedly supplied raw asbestos to Johns-Manville, which in turn produced various asbestos insulation products. For the reasons stated in this memorandum opinion and order Hooker's motion is granted.

Under the Survival Act "actions to recover damages for an injury to the person" survive a person's death and may be brought on his or her behalf by a representative. Hooker argues that plaintiffs failed to bring their actions under the Survival Act within the applicable limitations period under Ill.Rev.Stat. ch. 83, §§ 15 and 20:

> Actions for damages for injury to the person ... shall be commenced within two years next after the cause of action accrued (Section 15).

> If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representative before the expiration of that time, or within one year from his death whichever date is later (Section 20).

Each plaintiff failed to file his or her Survival Act claim within two years of the decedent's death. Hooker argues that because the latest date on which a decedent's cause of action might have "accrued" was the date of death, the Survival Act claims are time-barred.

Plaintiffs urge that the "discovery rule," which does not trigger the running of a "limitations period" until a plaintiff knows or should have known of the fact and (to a limited extent) cause of the injury for which he or she seeks relief, should be applied to actions brought under the Survival Act. Because the lawsuits were assertedly

filed within two years of the date decedents (had they lived) should have known of the nature and cause of their injuries, plaintiffs conclude that the claims based on the Survival Act are maintainable.

As stated at some length in one of the two other Johns-Manville Asbestosis cases opinions issued contemporaneously with this one, the Court's proper role in diversity cases is akin to that of its state trial court counterpart. *See also, National Can Corp. v. Whittaker Corp.*, 505 F.Supp. 147, 148–49 n.2 (N.D.Ill.1981). Controlling decisions of the Illinois Supreme Court are necessarily binding here.

No decision by that Court or any of the Illinois Appellate Courts has squarely addressed the current issue: whether the discovery rule applies to claims under the Survival Act. But the Illinois Supreme Court's statement in *National Bank of Bloomington v. Norfolk & Western Ry. Co.*, 73 Ill.2d 160, 172, 23 Ill.Dec. 48, 383 N.E.2d 919 (1978) is highly relevant and must be considered, as a state trial court would be required to consider it, to be the law (emphasis added):

> The law, of course, has always recognized that, if a person survives, he may bring a common law or statutory action against a party whose wrongful conduct has caused him such personal injury. At common law, however, the same action would abate upon the death of the injured person. To remedy this injustice, a survival statute was enacted (originally in 1872) to allow an action, such as the instant action to recover damages for an injury to the person, to survive the death of the injured person.... The Survival Act does not create a statutory cause of action. It merely allows a representative of the de-

cedent to maintain those statutory or common law actions *which had already accrued to the decedent before he died.*

As the Illinois Supreme Court stated in *Nolan v. Johns-Manville Asbestos*, 85 Ill.2d 161, 52 Ill.Dec. 1, 421 N.E.2d 864, 49 U.S.L.W. 2568 (Ill.S.Ct. Feb. 21, 1981), the "discovery rule" is that "the cause of action accrues when the plaintiff knows or should have known of an injury and that the injury was caused by the wrongful acts of another." If that two-fold knowledge or imputed knowledge had concurred during a decedent's lifetime, the Survival Act would have preserved the claim for the representative—but by definition an action brought over two years after death would have been untimely filed. If conversely such knowledge or imputed knowledge did *not* concur during a decedent's lifetime (as plaintiffs assert in this case), *Nolan* teaches that the cause of action had not "accrued to the decedent before he died," and *National Bank of Bloomington* teaches that there was simply no action to be kept alive by the Survival Act.

In an opinion issued contemporaneously with this one this Court holds that the discovery rule does apply to actions under the Wrongful Death Act.[1] Plaintiffs assert that given the broad language in *Nolan*, the Wrongful Death and Survival Acts are indistinguishable for purposes of that rule: Both should be subject to its application.

There is to be sure an element of anomaly in the two results reached by this Court. Were it free to construct its own Illinois jurisprudential universe, it might well have shaped one or the other conclusion differently. But it is mandated to mirror Illinois law as pronounced by the state courts,[2] and

---

**1.** Thus the situation identified in the last sentence of the immediately preceding paragraph in the text would still permit assertion of a Wrongful Death Act claim. That right is not however the equivalent of a Survival Act claim. Wrongful Death Act actions serve to compensate a decedent's relatives for *their own* losses, while Survival Act actions permit a decedent's representative to recover for the *decedent's* own injuries.

**2.** This case provides still another illustration of the mischief (in terms of the inability to develop an orderly and consistent body of case law) that may often be traceable to the overruling of *Swift v. Tyson* by *Erie v. Tompkins.* See Crosskey, *Politics and the Constitution* ch. XXVI (1953).

Illinois law (at least as declared to date) does not parallel the two Acts:

. (1) As to the Wrongful Death Act this Court had to consider not only *Nolan* but, more importantly, a line of Illinois cases construing that Act in a manner strongly suggesting the result the Court reached.

(2) Plaintiffs can claim no analogous support in the case law regarding the Survival Act. *Nolan* alone, only indirectly relevant to the issue presented by Hooker's motion, cannot override the direct and recent construction of the Act in *National Bank of Bloomington.*

Unless and until controlling Illinois authority directs otherwise, the Court must adhere to the last-cited case and dismiss plaintiffs' claims under the Survival Act.

### Conclusion

This is one of three contemporaneously-issued opinions in the Johns-Manville Asbestosis cases. Because of the proliferation of motions in the more than 50 cases consolidated for pre-trial purposes, the Court is adopting the following procedure:

(1) On or before April 24, 1981 all parties litigant are directed to apprise this Court by letter (with copies of course to all other counsel) of the actions to which the various rulings in this opinion apply.

(2) All such letters shall also include a statement identifying the fully-briefed motions (if any) that remain to be decided in these cases after issuance of these March 31, 1981 opinions.